IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DISTRICT

SANDRA JEAN GRIMALDI                                                    PETITIONER

        VS.                       Civil No. 2:22-CV-02030-PKH-MEF

JEREMY BRADSHAW, Director,
Arkansas Division of Community Correction                       RESPONDENT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Sandra J. Grimaldi ("Grimaldi"). (ECF No. 1). Also before the Court is the Respondent's Motion to Dismiss. (ECF No. 7). Grimaldi has not filed a response to the Motion to Dismiss, and the time to do so has passed. The matter is ready for Report and Recommendation.

        **I.**        **BACKGROUND**

On November 12, 2021, following a bench trial in the Circuit Court of Franklin County, Arkansas, Ozark District, in Case No. 24 OCR 21-233, Grimaldi was convicted of possession of a controlled substance, in violation of Ark. Code Ann. § 5-64-419(b)(1)(A), a Class D Felony, and she was sentenced to a term of 60 months in a Community Correction Center, with an additional 12 months suspended imposition of sentence. (ECF No. 7-1). The court's Sentencing Order was entered on November 17, 2021. *Id*. In Case No. 24 OCR 21-313, Grimaldi was also found guilty, following the bench trial on November 12, 2021, of one count of failure to appear regarding an order to appear, in violation of Ark. Code Ann. § 5-54-120(c)(2), a Class D Felony, and one count of failure to appear, in violation of Ark. Code Ann. § 5-54-120(c)(1), a Class C Felony, and she was sentenced to a term of 60 months in a Community Correction Center, with an additional 12

1

months suspended imposition of sentence, on each count, to run concurrently with each other and the sentence imposed in Case No. 24 OCR 21-233.  (ECF No. 7-2).  The Sentencing Order in that case was also entered on November 17, 2021.  *Id*.  No direct appeal was filed in either of Grimaldi's cases.

On January 31, 2022, Grimaldi filed her petition under 28 U.S.C. § 2254 in this Court.[1]  (ECF No. 1).  She raises two grounds for relief: (1) ineffective assistance of counsel in failing to file a direct appeal, and (2) she received an unfair trial due to improper notice of the trial date.  *Id*. at 5-7, 8-10.

Because Grimaldi has an available state court remedy that she must exhaust before proceeding with a federal habeas corpus action, dismissal without prejudice of her current § 2254 petition is appropriate pursuant to 28 U.S.C. § 2254(b)(1)(A).

## II. DISCUSSION

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be entertained only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  Before seeking federal habeas review, however, a state prisoner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of prisoners' federal rights, "which means he must 'fairly present' his claim in each appropriate state court to alert that court to the claim's federal nature."  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. §§ 2254(b) and (c) (requiring state prisoner seeking federal habeas relief to exhaust all remedies available in

---

[1] The petition was received and docketed on February 7, 2022, but Grimaldi declared under penalty of perjury that she placed the Petition in the prison mailing system on January 31, 2022, so by virtue of the "prison mailbox rule" it is considered filed on that date.  Rule 3(d) of the Rules Governing Section 2254 Proceedings.

the state courts). When a habeas petitioner fails to raise his federal claims in state court, he deprives the state of "an opportunity to address those claims in the first instance" and frustrates the state's ability to honor his constitutional rights. *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). To determine if a petitioner's claims have been "exhausted," the reviewing court must determine whether the petitioner has "currently available, non-futile state remedies" through which she can present her claims. *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir. 1988). 28 U.S.C. § 2254(c) provides: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

### A. Ineffective Assistance of Counsel for Failure to File an Appeal

As the Respondent correctly points out, Grimaldi has an available state court remedy in which she can raise her claim that she was deprived of a direct appeal due to her counsel's ineffective assistance in failing to file an appeal for her. She may file a motion for a belated appeal with the Arkansas Supreme Court pursuant to Ark. R. App. P. – Crim. 2(e) (2021).

Pursuant to Rule 2(e) of the Arkansas Rule of Appellate Procedure - Criminal, within 18 months of the date of judgment, and upon motion of the defendant, "[t]he Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit." *Id*. Failure of appointed counsel to perfect an appeal in a criminal case when timely requested by the defendant is a denial of effective assistance of counsel and constitutes good cause for granting a belated appeal. *See, e.g.*, *Blakely v. State*, 279 Ark. 141, 142-43, 649 S.W.2d 187,

3

188 (1983). This is exactly what Grimaldi alleges occurred in her case.

Grimaldi's Sentencing Orders were entered on November 17, 2021, so she is well within the 18 months she has under Rule 2(e) to seek such state court relief. If a factual dispute arises between Grimaldi and her counsel about whether Grimaldi timely requested an appeal, the Arkansas Supreme Court will remand the case to the state trial court for an evidentiary hearing. *See, e.g.*, *M. H. v. State*, 373 Ark. 112, 114, 281 S.W.3d 747, 748 (2008).

Grimaldi clearly has a process by which her claim of ineffective assistance of counsel for failure to file notice of an appeal can be heard in state court. This is all AEDPA requires for a claim to be deemed unexhausted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Accordingly, Grimaldi's claim of ineffective assistance of counsel for failure to file notice of an appeal is unexhausted. She must first exhaust her available state court remedies, giving the state the opportunity to correct the alleged violation of her federal rights before she may pursue federal habeas corpus relief.

### B. Grimaldi's "Unfair Trial" Claim

As noted above, for a claim to be considered "exhausted," a defendant must show that her claims were first fairly presented in state court. *See, e.g.*, *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003). A claim is "fairly presented" when the state court is given "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. If a federal habeas petitioner failed to first present her claim in state court, and she no longer has a mechanism to present it in state court, the claim is considered to meet the technical requirements for exhaustion, but the claim will be barred because it has been procedurally defaulted. *See, e.g.*, *Grass v. Reitz*, 643 F.3d 579, 584 (8th

4

Cir. 2011). Procedurally defaulted claims cannot afford an inmate federal habeas relief. *Wemark*, 322 F.3d at 1020-21.

Grimaldi's second ground for § 2254 relief, that her trial was unfair due to improper notice of the trial date, is procedurally defaulted. Her time to file a direct appeal, in the ordinary course, to present this claim for appellate review has expired. *See* Ark. R. App. P. - Crim. 2(a) (a defendant has 30 days to file notice of an appeal). Respondent acknowledges that if Grimaldi is granted a belated appeal, she might be able to present her "unfair trial" claim to the state appellate court and exhaust it.[2] For the purposes of AEDPA, however, this Court must only look at remedies that are available at the time the federal petition is filed. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). At the time she filed her instant § 2254 petition, there was no state court proceeding through which Grimaldi could raise her unfair trial claim, so while technically exhausted, her claim of an unfair trial is procedurally defaulted for purposes of this federal habeas corpus proceeding.

### C.    Disposition of a Mixed Petition

When a habeas petition contains both unexhausted and exhausted, but procedurally defaulted, claims, it is considered a mixed petition. *Murry v. Wood*, 107 F.3d 629, 632 (8th Cir. 1997). Federal courts cannot maintain jurisdiction over mixed petitions. *Id*. A district court should "either dismiss [the mixed petition] without prejudice or permit the petitioner to dismiss the unexhausted claims." *Id*.

Here, the Court finds that the best course of action is to dismiss the entire petition without prejudice. Although Grimaldi's unfair trial claim is technically exhausted and procedurally defaulted, she may be granted the right to present the claim in state court. Further, if Grimaldi

---

[2] There would still be a question of whether she objected to the alleged improper trial notice to properly preserve her unfair trial claim for appellate review.

5

moved forward with her procedurally defaulted claim in federal court, any discussion of cause and prejudice would naturally overlap with the state court's determination of any motion for belated appeal she may file and whether Grimaldi was denied an appeal through the fault of her appointed counsel. The interests of comity and federalism inherent in federal habeas litigation dictates that a state court should be given the opportunity to rule on that factual issue first. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The Court acknowledges its discretion to stay proceedings on a mixed petition to allow a petitioner to go back to state court and exhaust her federal claims, however, "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Such limited circumstances are not present in this case. While she alleges that she verbally requested an appeal in the courtroom, and she made attempts to contact her appointed counsel regarding the filing of an appeal (ECF No. 1, pp. 5-6), it does not appear that Grimaldi ever attempted to make such a filing in state court. Thus, there is an insufficient showing of good cause to support skipping over her available state court remedies to proceed with federal habeas review.

### III. CONCLUSION

For the reasons discussed above, it is recommended that Grimaldi's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) be **DISMISSED without PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

moved forward with her procedurally defaulted claim in federal court, any discussion of cause and prejudice would naturally overlap with the state court's determination of any motion for belated appeal she may file and whether Grimaldi was denied an appeal through the fault of her appointed counsel. The interests of comity and federalism inherent in federal habeas litigation dictates that a state court should be given the opportunity to rule on that factual issue first. *See Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The Court acknowledges its discretion to stay proceedings on a mixed petition to allow a petitioner to go back to state court and exhaust her federal claims, however, "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Such limited circumstances are not present in this case. While she alleges that she verbally requested an appeal in the courtroom, and she made attempts to contact her appointed counsel regarding the filing of an appeal (ECF No. 1, pp. 5-6), it does not appear that Grimaldi ever attempted to make such a filing in state court. Thus, there is an insufficient showing of good cause to support skipping over her available state court remedies to proceed with federal habeas review.

### III. CONCLUSION

For the reasons discussed above, it is recommended that Grimaldi's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) be **DISMISSED without PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 28th day of March 2022.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE